UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    v.<br><br>BERTHA'S MARKETING and BERTHA MANZO,<br><br>             Defendants. | NO. CR-03-2225-EFS<br>NO. CR-03-2226-EFS<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS CASE AND RESETTING TRIAL** |

    Previously the Court entered an Order Denying In Part and Holding in Abeyance in Part Defendants' Motion to Dismiss Case, (Ct. Rec. 77). The Court reserved ruling on two legal issues: whether the Second Superseding Indictment sufficiently stated deprivation of a valid property interest of the Mexican Government and whether the United States can prosecute a fraudulent scheme to evade payment of foreign tariffs under 18 U.S.C. § 1343, awaiting a decision from the U.S. Supreme Court in *United States v. Pasquantino*. On April 26, 2005, the Supreme Court issued a decision in *Pasquantino*, No. 03-0725 (S. Ct. filed April 26, 2005), ruling that a plot to defraud a foreign government, Canada, of tax revenue violates the federal wire fraud statute and that the scheme of smuggling liquor into Canada from the United States without paying

ORDER ~ 1

1 Canadian liquor taxes deprived the Canadian government of a property
2 interest.

3 The Court finds the Second Superseding Indictment sufficiently
4 alleges that the Mexican government was deprived of "money or property"
5 within the meaning of the wire fraud statute. *See Pasquantino*, No. 03-
6 725. The Second Superseding Indictment alleges that the government of
7 Mexico was deprived of the payment of its 101.1% tariff upon red and
8 golden delicious apples imported into Mexico from the United States. The
9 right to collect the tariff is "an entitlement to collect money from
10 [the defendants], the possession of which is 'something of value' to the"
11 government of Mexico. *Pasquantino* (quoting *McNally v. United States,* 483
12 U.S. 350, 358 (1987) (internal quotation marks omitted)). Accordingly,
13 Defendants' motion is denied in part.

14 Defendants also argued it was unconstitutional for a federal wire
15 fraud statute to criminalize conduct violating a foreign law. The Court
16 denies the Defendants' motion finding that the United States is not
17 barred from prosecuting a fraudulent scheme to evade foreign tariffs.
18 *See Pasquantino*.

19 Accordingly, **IT IS HEREBY ORDERED:**

20 1. Defendant Bertha's Marketing and Bertha Manzo's Motion to
21 Dismiss Case, **(NO. CR-03-2225-EFS:  Ct. Rec. 42; NO. CR-03-2226-EFS: Ct.**
22 **Rec. 41),** is **DENIED.**

23 2. The **Pretrial Conference** is **SET** for **May 4, 2005,** at **9:30 a.m.**
24 in **Richland,** Washington.

ORDER ~ 2

1 | 3.  The **jury trial** is **SET** for **May 9, 2005,** at **9:00 a.m.** in **Richland,**
2 | Washington.  **Counsel shall meet with the Court in Chambers at 8:15 a.m.**
3 | **on the day of trial**.
4 | 4.  Trial briefs, requested voir dire, and joint proposed jury
5 | instructions shall be filed and served **NO LATER THAN May 5, 2005.**  Joint
6 | jury instructions should only address issues that are unique to this
7 | case, and shall include instructions regarding the elements of each claim
8 | or defense, and a proposed verdict form.
9 | **IT IS SO ORDERED.**  The District Court Executive is directed to enter
10 | this Order and to provide copies to all counsel, the U.S. Probation
11 | Office, and the Jury Administrator.
12 | **DATED** this ___28th___ day of April, 2005.

                              S/ Edward F. Shea
                              EDWARD F. SHEA
                         United States District Judge

Q:\Criminal\2003\2225.2226.final.dism.wpd

ORDER ~ 3